Filed 12/21/15  P. v. Coker CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONO C. COKER,<br><br>    Defendant and Appellant. | B263101<br><br>(Los Angeles County<br>Super. Ct. No. MA 057092) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed.

No appearance for Plaintiff and Respondent.

Buckley & Buckley, Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

The District Attorney in Los Angeles charged defendant Jono C. Coker (defendant) with (1) being an accessory after the fact, in violation of Penal Code section 32, and (2) a misdemeanor violation of the Vehicle Code. The section 32 charge was based on evidence that defendant harbored an individual wanted for robbery. Pursuant to an agreement with the People, defendant pled no contest to the accessory after the fact charge and the People dismissed the charged Vehicle Code violation. The court sentenced defendant to probation. The conditions of probation obligated defendant, among other things, to refrain from using or possessing drugs, to submit to controlled substance testing, to perform community service, and to obey all laws and orders of the court.

The trial court thereafter revoked defendant's probation based on his admission that he violated the drug conditions of his probation. The parties agreed that the court should sentence defendant to three years in prison—with the execution of sentence suspended—and reinstate probation under the same conditions previously imposed, but with the added requirement that defendant serve a short stint in county jail. That is what the trial court did, and the court warned defendant that if he again violated his probation it would impose the three-year sentence, the execution of which it had suspended.

Defendant thereafter tested positive for drug use, and the probation department reported that defendant had deserted probation. The trial court revoked probation and issued a bench warrant.

Many months later, defendant appeared in court on the bench warrant and the court set a contested probation violation hearing. After taking testimony at that hearing, the trial court found defendant violated the conditions of his probation, specifically finding that defendant tested positive for methamphetamine, failed to appear at an earlier court appearance, and failed to complete the community service ordered as a condition of his probation. The court revoked and denied reinstatement of probation and sentenced defendant to three years in county jail.

We appointed counsel to represent defendant on appeal. After examining the record, counsel filed an opening brief raising no issues. On August 31, 2015, this court

2

advised defendant he had 30 days to personally submit any contentions or issues he wished us to consider. We received no response.

We have examined the record and are satisfied defendant's attorney on appeal has complied with the responsibilities of counsel and no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441; see also *Smith v. Robbins* (2000) 528 U.S. 259, 278-282; *People v. Kelly* (2006) 40 Cal.4th 106, 122-124.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

TURNER, P.J.

KRIEGLER, J.

3